# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10089

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2018

Lyle W. Cayce
Clerk

ALISHIA N. MORRIS,

Plaintiff-Appellant

v.

L.C.D.C.; CITY OF LUBBOCK; LUBBOCK COUNTY; DISTRICT
ATTORNEY'S OFFICE; COUNTY COURT, # 1; SHERIFF'S OFFICE;
SHARON'S BAIL BOND COMPANY; TEXAS FOSTER CARE PROGRAM;
STATE OF TEXAS; SAMANTHA TURNER,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-274

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Alishia N. Morris, while detained in the Lubbock County Detention
Center, inmate # 111041, moved this court for leave to proceed in forma
pauperis (IFP) in this appeal from the district court's dismissal of her 42 U.S.C.
§ 1983 complaint.   The district court dismissed her claims against the
defendants with prejudice as frivolous.   The district court, for the same

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-10089

reasons, denied Morris permission to appeal IFP, certifying that the appeal was not taken in good faith.

By moving to proceed IFP, Morris is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In her IFP motion, Morris makes nonsensical arguments that the district court did not qualify as an expert; the district court's subject matter was inappropriate; and the district court orders did not assist the factfinder. She also contends that her property rights were protected under § 1983 and that documents and "personal family histories" prove that her allegations regarding her property are true. In addition, Morris argues that the State of Texas wrongfully terminated her parental rights; allowed her children to be victims of sexual assault; unlawfully arrested her; and illegally sentenced her. She also appears to assert an Eighth Amendment violation and a First Amendment retaliation claim. Morris additionally contends that she is under imminent danger of serious physical injury by Lubbock County Detention Center staff. Morris, however, fails to provide a reasoned factual or legal analysis to these claims. Because Morris fails to adequately brief any issues, they are abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Morris also argues that she was denied access to the courts. Because this claim is raised for the first time on appeal, it should not be considered by this court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Moreover, Morris has raised no coherent argument demonstrating that the actions of any defendant impeded her ability to file a nonfrivolous pleading.

No. 18-10089

*See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Driggers v. Cruz*, 740 F.3d 333, 337 (5th Cir. 2014). Morris has failed to show that her "appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220. Accordingly, her motion for leave to proceed IFP on appeal is denied, and her appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of Morris's complaint by the district court as frivolous, and the dismissal of this appeal as frivolous each count as a strike pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). In addition, she has had multiple civil rights complaints dismissed as frivolous. *See, e.g., Morris v. City of Lubbock*, No. 5:17-cv-00275 (N.D. Tex. Apr. 16, 2018); *Morris v. City of Lubbock Home Inspectors*, No. 5:18-cv-00008 (N.D. Tex. Apr. 24, 2018). Morris has therefore earned at least three strikes. Accordingly, as we also advised Morris in *Morris v. Lubbock County Detention Center*, No. 17-11259, and *Morris v. Texas Boys Ranch*, No. 18-10120, she is now barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; § 1915(g) BAR IMPOSED.